IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | Case No. 5:23-cr-5-CAR-CHW |
| : | |
| **RAIFORD REEVES,** : | |
| : | |
| **Defendant.** : | |
| : | |

**ORDER**

Defendant Raiford Reeves has filed a letter with the Court, in which he asks for documentation to prove to the Bureau of Prisons (BOP) that his federal sentence should run concurrently with his state sentence. (Doc. 316). The Court sentenced Defendant to serve 210 months "to run concurrently to the state term of imprisonment currently being served in Houston County Superior Court docket no. 2021-C-56583 and concurrently to any term of imprisonment imposed in Houston County Superior Court docket nos. 2005-C-35866 and 2013-C-47942 for violation of probation." (Doc. 274, p. 2). Because Defendant's sentence plainly denotes a concurrent sentence, there is no further documentation that could be provided. Defendant's request for documentation (Doc. 316) is **DENIED.**

To the extent that Defendant intended to request this documentation to aid in preparing a credit for time served motion, this Court would not be a position to grant relief for two reasons. Procedurally, this Court lacks authority to grant a motion for credit for time served. Defendant would first need to exhaust his administrative remedies through the Bureau of Prisons. "Authority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." *United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir. 2010). The calculation of a term of imprisonment, including credit for time served in official detention prior

to the date of sentencing, is governed by 18 U.S.C. § 3585. Such calculations are an administrative function entrusted to the Bureau of Prisons, which "initially possesses the exclusive authority . . . to compute sentence credit awards after sentencing." Rodriguez v. Lamer, 60 F.3d 745, 746 (11th Cir. 1995). *See also* United States v. Wilson, 503 U.S. 329 (1992). Because the granting of credit for time served is "in the first instance an administrative, not a judicial function," a claim for credit for time served may be raised in a petition under 28 U.S.C. § 2241 only after the exhaustion of administrative remedies. United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) (quoting United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989)). Defendant does not indicate in his letter that he has pursued exhausted the administrative process with the BOP.

Even if Defendant had exhausted his administrative remedies, this Court would not have jurisdiction to hear a petition filed under Section 2241. A Section 2241 petition must be brought in the district court for the district in which the defendant is incarcerated. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Because Defendant is incarcerated in the Middle District of Florida, a court in that district would be the appropriate forum for any Section 2241 petition concerning the calculation of Defendant's sentence.

While Defendant's letter failed to explain his specific concerns regarding the calculation of his sentence, Defendant is advised that he would not be entitled to credit time served against both his state and federal sentences *prior* to being sentenced in this case. A term of imprisonment "commences on the date the defendant is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A defendant may receive credit for time served in official detention prior to the date his sentence commences "as a result of the offense for which the sentence was imposed" or "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence

was imposed." 18 U.S.C. § 3585(b)(1). Such credit is only available, however, if the time "has not been credited against another sentence." 18 U.S.C. § 3585(b). Where both state and federal sentences are imposed, time-served credit can only apply to one sentence.

The record in this case shows that Defendant was in state custody at the time he was arrested and arraigned in this case. *See* (Docs. 57, 68, 85). Although Defendant was brought into federal custody by writ on January 30, 2023, and remained in the custody of this Court until his sentencing on May 15, 2024, BOP likely (and properly) credited this time to his state sentences, which began December 1, 2022. (Doc. 272, ¶¶ 67, 70, 71). Under 18 U.S.C. § 3585(b), Defendant cannot receive credit towards his federal sentence for the time in pretrial custody because that time was credited towards his state sentences.

Although the Court's sentence specifically notes that Defendant's federal sentence was to be served concurrently with his state sentences (Doc. 274, p. 2), the concurrent period of the sentence would run only *after* the date of sentencing. "[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006). A concurrent sentence does not allow a Defendant to receive double credit for time served prior to the imposition of sentence in violation of 18 U.S.C. § 3585(b). In this case, Defendant can receive no credit for time served prior to the date of sentencing because that time most likely was already credited to another sentence. *See Rey v. Warden, FCC Coleman-Low*, 359 F. App'x. 88, 90 (11th Cir. 2009).

**SO ORDERED**, this 4th day of February, 2025.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge